UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP J. RIZZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 1051 |
| | ) | |
| AMERICAN AIRLINES, INC., a | ) | |
| corporation [alternately sued as AMR | ) | |
| CORP., a corporation], | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant American Airlines, Inc. ("American") for summary judgment in its favor on the complaint of Phillip Rizzo. For the reasons set forth below, the motion is granted.

## BACKGROUND

In conjunction with its motion for summary judgment, American filed a statement of facts as mandated by Local Rule 56.1 . Rizzo did not file a responsive statement of facts, so the facts asserted in American's statement are admitted by operation of Local Rule 56.1(b)(3). Facts set out in opposition to a motion for summary judgment in a form not complying with the provisions of the rule are disregarded. *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

According to American's Rule 56.1 statement, Rizzo is a citizen of Illinois; American, of Delaware and Texas. In July 2001, Rizzo was employed by Delta Airlines as a baggage handler at Chicago's O'Hare International Airport. He has never been employed by American. Rizzo alleges that on July 10, he was working on a baggage conveyor belt operated by Sabena Belgian World Airlines ("Sabena"). He lifted a white cardboard box off of the belt and, in doing so, injured his back.

According to Rizzo, the passenger's name and destination was handwritten on the top of the box. There was no tag or other indication on the box that it weighed an excessive amount. Affixed to the box was a passenger name tag with an American logo; the tag was the only marking on the box that referred to American. He described the passenger name tag as the type set out at ticket counters for passengers to use to affix their name and address to a piece of baggage. This type of tag can be found throughout airport terminals, is accessible to anyone in the airport, and can be used by a passenger regardless of the airline with whom that passenger is flying. Based on the presence of this tag on the box, Rizzo concluded that the box was baggage for an American Airlines flight, thus making American responsible for it while it passed through the area where he worked.

On July 19, 2001, Rizzo underwent back surgery for a herniated disc. In 2003, he sued Sabena and American in the Circuit Court of Cook County (Case No. 2003-L-

008344). On January 19, 2006, he voluntarily dismissed that suit, with leave to reinstate. On January 18, 2007, he refiled the suit against American, alleging a negligence cause of action based upon a failure to warn theory. American removed the case to this court on the basis of diversity jurisdiction. Upon completion of discovery, American filed the instant motion for summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

With these principles in mind, we turn our attention to American's motion.

**DISCUSSION**

The parties have not contended that this case should be controlled by the law of a state other than Illinois. Accordingly, we will look to Illinois state law to supply the rules of decision. *See Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir. 1991). In Illinois, a plaintiff seeking to recover against a defendant in a negligence suit must prove the defendant owed a duty to the plaintiff, that the duty was breached, and that the plaintiff was injured as a proximate result of the defendant's breach. *American Nat. Bank & Trust Co. of Chicago v. National Advertising Co.*, 594 N.E.2d 313, 318 (Ill. 1992). Whether a defendant owed a duty to the plaintiff is a question of law to be resolved by the court. *LaFever v. Kemlite Co.*, 706 N.E.2d 441, 446 (Ill. 1998). The existence of the duty depends upon the existence of a relationship between the plaintiff and defendant such that the law would obligate reasonable conduct by the defendant for the benefit of the plaintiff. *Adams v. Northern Illinois Gas Co.*, 809 N.E.2d 1248, 1257 (Ill. 2004). To assess whether such a relationship existed, courts examine whether the injury to the plaintiff was both likely and foreseeable, the extent of the burden that would be placed upon the defendant if a duty to guard against the injury is imposed, and

the consequences of placing such a burden on the defendant. *LaFever v. Kemlite Co.*, 706 N.E.2d 441, 446 (Ill. 1998). The defendant's actual or constructive knowledge of the facts out of which the duty arises is essential; without that knowledge, there is no duty. *See Adams*, 809 N.E.2d at 1259.

In this case, Rizzo has set forth no evidence to demonstrate that a relationship existed between American and him such that the law would place a duty upon American to act for his benefit with regard to the box that he lifted off of the Sabena conveyor belt. Rizzo was not an employee of American, and the simple presence of the identification tag to which he refers does not establish that American ever had possession of or control over the box. Without some sort of ownership, possession, or control of the potentially harmful object, American would have no opportunity to gain actual or constructive knowledge of the attributes of the box or the potential risk to those encountering it. It would be an enormous burden on American to impose a duty to guard against injury to others from baggage or cargo that has not been given over to them for transport or otherwise placed within their care and control. The consequence of imposing such a duty would render American responsible for any bag or package in O'Hare Airport. Such a broad obligation cannot be mandated by public policy.

Since Rizzo's claim does not establish that American owed him a duty of due care with respect to the box he lifted, an essential element of his negligence claim is

missing. Accordingly, American is entitled to judgment as a matter of law, and summary judgment is appropriate.

## CONCLUSION

Based on the foregoing analysis, American's motion for summary judgment on the entirety of Rizzo's complaint is granted.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: July 30, 2008